IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

## ANTONIO BYRD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-20287      Glenn Wright, Judge**

_____

**No. W2015-00228-CCA-R3-PC  -  Filed November 18, 2015**

_____

The petitioner, Antonio Byrd, appeals from the Shelby County Criminal Court's denial of his motion to reopen his 1999 petition for post-conviction relief. Because the petitioner failed to comply with the statutory requirements for appealing the denial of a motion to reopen a post-conviction petition, we are without jurisdiction to hear the appeal, and the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Antonio Byrd.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Carla Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1994, a Shelby County Criminal Court jury convicted the petitioner of one count each of first degree murder, especially aggravated kidnapping, especially aggravated robbery, and aggravated rape. The trial court imposed a sentence of life without the possibility of parole for the murder conviction as well as an effective 23-year sentence for the remaining crimes, to be served consecutively to the life sentence. This court affirmed the convictions on direct appeal. *State v. Antonio M. Byrd*, No. 02C01-9508-CR-00232, slip op. at 1 (Tenn. Crim. App., Jackson, Jan. 2, 1997), *perm. app. denied* (Tenn. Sept. 22, 1997). The petitioner then filed a petition for post-conviction relief, which was heard by the trial court and denied on February 18, 1999. It appears from the record that no appeal was taken.

On June 11, 2013, the petitioner moved to reopen his prior post-conviction petition on the basis that a new constitutional right had been recognized by the Supreme Court in *Miller v. Alabama*, __ U.S. __, 132 S. Ct. 2455 (2012). In *Miller*, the high court held that mandatory life imprisonment without the possibility of parole for juvenile offenders was violative of the Eighth Amendment's ban of cruel and unusual punishment. *Id.* at 2457-58. The post-conviction court conducted a hearing on September 10, 2014, and on January 5, 2015, the court issued an order denying the petition, finding that the petitioner had failed to plead "facts sufficient to sustain a motion to re-open" his post-conviction petition because he failed to show "that *Miller* applie[d] retroactively to his case." On January 30, 2015, the petitioner filed a notice of appeal with the clerk of the post-conviction court.

On appeal, the petitioner challenges the denial of his motion to reopen his petition for post-conviction relief, arguing that the post-conviction court erred by refusing to apply *Miller* retroactively. The State responds that the appeal should be dismissed for lack of jurisdiction because the petitioner failed to file his notice of appeal with the proper court.

Appellate review of the denial of a motion to reopen a petition for post-conviction relief is governed by statute, rather than by the Rules of Appellate Procedure, and the statute requires that "[i]f the motion [to reopen] is denied, the petitioner shall have thirty (30) days to file an application *in the court of criminal appeals* seeking permission to appeal." T.C.A. §40-30-117(c) (emphasis added). "In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements. The Rules of Appellate Procedure do not provide for an appeal as of right in these cases." *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App., Jackson, Mar. 23, 2000) (order), *perm. app. denied* (Tenn. Oct. 16, 2000); *see William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC, slip op. at 2 n.1 (Tenn. Crim. App, Nashville, Dec. 7, 1999) (stating that the rules of appellate procedure do not apply to application for permission to appeal the denial of motion to reopen post-conviction proceeding).

In the instant case, the petitioner failed to file his application with this court, choosing instead to file a notice of appeal with the clerk of the lower court. Because the petitioner failed to comply with the statutory requirements, we are without jurisdiction to review this matter, and the appeal is therefore dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

- 2 -